ERIC N. VITALIANO, United States District Judge
On October 19, 1992, a jury convicted Anthony Sparman of repeatedly raping his twin nieces. See Sparman v. Edwards , 26 F.Supp.2d 450, 450 (E.D.N.Y. 1997). Subsequently, on October 2, 1997, this Court (Gleeson, J.) granted Sparman's application for a writ of habeas corpus . Id. at 455. Intervenors Jane Doe 1 and Jane Doe 2 now seek an order, in Sparman's habeas proceeding, (1) to seal the 1997 opinion, (2) to require the immediate removal of the opinion from any publicly available websites that currently publish it and (3) to provide notice to any print publisher of the Federal Supplement, Second Edition, that the opinion should be removed from future reprints. Mem. of Law in Supp. of Pet. to Seal or Redact Judicial Op. at 2 (ECF No. 84) ("Mot."). Intervenors claim that the published opinion has resulted in emotional harm and was erroneously maintained in the public file, given the protections intended by 18 U.S.C. § 3509. Id. at 3, 14. For the reasons discussed below, regretfully but realistically, the motion to seal the case file and to order removal of an *319 opinion previously filed on the public docket from print and electronic publication is denied.
Discussion
I. Motion to Seal
Whether to seal an opinion 20 years after its entry on the public docket is, essentially, an academic exercise because, as intervenors know all too well, it has already been widely circulated in the public domain. In other words, even if the opinion were now sealed, it would not be shielded from public viewing. This is not to suggest, in any way, that the Court does not take intervenors at their word that the availability of the habeas opinion has caused them great distress. But, the public has a First Amendment right to observe the proceedings and filings of the federal courts. Lugosch v. Pyramid Co. of Onondaga , 435 F.3d 110, 120 (2d Cir. 2006) (citing Hartford Courant Co. v. Pellegrino , 380 F.3d 83, 91 (2d Cir. 2004) ). The narrow question presented here is whether there is justification to curtail that right, which is not absolute. The Court can conceive of no justification to seal an opinion that is readily available in the public domain. Practically and legally, then, this branch of intervenors' motion is intrinsically intertwined with the Court's power to purge the opinion from future print and electronic publication.
At the same time, there is little doubt that 18 U.S.C. § 3509 was designed to balance concerns for privacy against the right of public access to judicial proceedings and filings. While not deciding the issue, it is fair to say that, in harmony with § 3509, the offending opinion could have been sealed or redacted to protect the privacy of victims. Sadly, the opinion slipped through that safety net. Unless we can unring the bell by clawing back the opinion, we are left to deal with a right of public access "firmly rooted in our nation's history," id. at 119 (citing United States v. Amodeo (Amodeo I ), 44 F.3d 141, 145 (2d Cir 1995) ), without any practical benefit from sealing to countervail it.
That right of public access is of no small moment. There is a "need for federal courts ... to have a measure of accountability and for the public to have confidence in the administration of justice." United States v. Amodeo (Amodeo II ), 71 F.3d 1044, 1048 (2d Cir. 1995). Still, the right of public access is not an absolute right, and courts retain the ability to close the curtain to public view. Lugosch , 435 F.3d at 120. Intervenors are most certainly correct that "there is virtually no 'higher value' than protecting the identity of a child that has been sexually abused," Mot. at 15 (quoting Lugosch , 435 F.3d at 120 ). Yet, that value would not be served by sealing an opinion that is already publicly available. Cf. Nelson v. Comm'r of Soc. Sec. , 14-cv-1109 (ENV), 2017 WL 1314118 (E.D.N.Y. Apr. 6, 2017).
Put another way, although 18 U.S.C. § 3509(d)(2) does mandate that "[a]ll papers to be filed in court that disclose the name of or any other information concerning a child shall be filed under seal," it does not create a procedure for the sealing of documents that, for whatever reason, were not sealed, became available publicly and were widely circulated. A related statutory provision, 18 U.S.C. § 3509(d)(3), permits a court to "issue an order protecting a child from public disclosure of the name of or any other information concerning the child in the course of the proceedings, if the court determines that there is a significant possibility that such disclosure would be detrimental to the child." At this point, since the offending information has been in the public domain for over 20 years, the Court cannot find that there is a significant possibility that a denial of sealing the opinion now would be detrimental *320 to intervenors. Arguably, though, that calculus might change if the Court could order a claw back of the offending information. For the reasons discussed in the next section, however, the Court is without power to offer that relief.
II. Motion to Remove from Publication
To the extent that intervenors seek an order requiring the removal of the offending opinion from publicly available websites and the print version of the Federal Supplement, the First Amendment bars this Court from awarding such relief. The Supreme Court has held statutes prohibiting the publication of the names of rape victims to be unconstitutional when those names are then publicly available. Cox Broad. Corp. v. Cohn , 420 U.S. 469, 494-95, 95 S.Ct. 1029, 43 L.Ed.2d 328 (1975) ; see also Fla. Star v. B.J.F. , 491 U.S. 524, 532-41, 109 S.Ct. 2603, 105 L.Ed.2d 443 (1989). Consequently, in this closely analogous situation, it would be violative of the First Amendment to prohibit by order the publication of this already widely-circulated opinion.
Furthermore, use of the injunctive powers of federal courts to suppress any publication is highly disfavored and requires an exceedingly persuasive justification. See, e.g., N.Y. Times Co. v. United States , 403 U.S. 713, 714, 91 S.Ct. 2140, 29 L.Ed.2d 822 (1971) (per curiam); Bantam Books, Inc. v. Sullivan , 372 U.S. 58, 70, 83 S.Ct. 631, 9 L.Ed.2d 584 (1963) ; Roth v. United States , 354 U.S. 476, 507, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1957). Again, intervenors offer their right to keep private the information that should have been shielded as reason to enjoin the publication. Mot., Ex. E ¶ 8 (ECF No. 84-5). However, no matter how sympathetic the cause, given the strong presumption of access to judicial documents, see Lugosch , 435 F.3d at 119, and the most critical fact that the offending opinion has been publicly available for over 20 years, cf. Cox Broad. , 420 U.S. at 494-95, 95 S.Ct. 1029, the Court cannot order removal of the opinion from publication.
Succinctly, with tens of thousands of print copies in circulation and the ubiquitous availability of the Federal Supplement online, the Court is without the physical ability to order a complete claw back of the opinion. Assuming, for argument's sake only, that the Court could, if it did have that power, without that ability and recognizing that copies would continue to circulate, the Court cannot conclude that there is an adequate constitutional justification for enjoining further publication of the offending opinion, either online or in any reprints of the Federal Supplement. Derivatively, with these versions of the opinion already publicly available, the last vestige of hope for sealing the copy in the public file of the Court is also lost for the reasons discussed above. Intervenors' motion fails as a result.
Conclusion
For the foregoing reasons, intervenors' motion is denied.
The Clerk of Court is directed to maintain this case on the closed docket.
So Ordered.